UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMILAH-MONIQUE MCCRAY,<br>    Plaintiff,<br>    v.<br>TAMMIE BANKS,<br>    Defendant. | Case No. 22-cv-03648-JCS<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL UNDER 28 U.S.C. § 1915** |

## I.   INTRODUCTION

Plaintiff, pro se, applied to proceed in forma pauperis and the Court granted her application. *See* Docket No. 5. The Court now reviews the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). Because the complaint does not appear to allege federal jurisdiction or plausibly state a claim, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed. Plaintiff may file either an amended complaint or a response to this order addressing why her complaint is sufficient, no later than **July 22, 2022**.

## II.   THE COMPLAINT

In a form Complaint, entitled "Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money (28 U.S.C. § 1332; Diversity of Citizenship)," Plaintiff names "Tammie Banks acting as deputy clerk" as the sole defendant. Plaintiff and Defendant are both listed as having California addresses. Compl. at 1-2. In the Statement of Claim section of the Complaint, Plaintiff has filled in blanks stating that Banks owes her $131,000 but did not check any of the options following "because" indicating the basis for the claim, e.g., a promissory note, goods sold and delivered, money had and received, etc. *Id.* at 4. Instead, she writes that the money was owed "[d]ue to being found in dishonor on a self-executing contract." *Id.* Under the

1  heading "Relief," Plaintiff states:

> I requested $75,000 plus $1000 for every day of dishonor for the self executing affidavit to try and resolve this matter. Tammie has ignored responding to my self-executing contract by way of affidavit and has been found in dishonor. Please see attachments. Total amount owed is $131,000.00. I have also requested to delete any negative information that may be reported regarding this alledged [sic] debt owed.

*Id.* at 6.

Plaintiff has attached nineteen pages of documents to the complaint. Many of them refer to Banks's failure to respond to notices regarding a "self-executing contract." *See*, *e.g*., Attachment at ECF pp. 2, 3. In some, Defendant Banks is described as deputy clerk of the Alameda Superior Court. *Id.* at ECF pp. 2, 9.

**III.   ANALYSIS**

**A.   Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)**

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S*., 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The pertinent question is whether the factual allegations, assumed to be true, "state a claim

to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). Thus, to meet this requirement, the complaint must be supported by factual allegations. *Id*. Moreover, although courts generally must accept a plaintiff's factual allegations as true even if they appear to be unlikely, the Supreme Court has made clear that a complaint may be dismissed as "frivolous" under § 1915 where it is based on "fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (superseded by statute on other grounds as recognized in *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000)).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B.  Discussion**

As a preliminary matter, the Court must address whether there is federal jurisdiction over Plaintiff's complaint. *See B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. The two most common forms of federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists where all plaintiffs are citizens of different states from all defendants and at least $75,000 is in controversy. Although the caption of the Complaint indicates Plaintiff seeks to invoke diversity jurisdiction, both parties are listed as having California addresses and

3

thus, diversity of citizenship is not adequately alleged. Nor does Plaintiff assert any claims under a federal statute or the United States Constitution that give rise to federal question jurisdiction. Therefore, the Complaint fails for lack of federal jurisdiction.

Further, Plaintiff does not allege any facts or legal theories that indicate she has a plausible claim against Banks.

Finally, to the extent Banks is sued in her capacity as deputy clerk of Alameda Superior Court, she is likely protected by judicial immunity. The Superior Court of Alameda County is an arm of the state and thus under the Eleventh Amendment cannot be sued in federal court. *Jernigan v. Superior Court of State of California for County of Santa Clara*, 2003 WL 21640489 (N.D.Cal. July 7, 2003). Thus, court personnel are absolutely free from liability for damages for acts performed in their official capacity. *Ricotta v. State of California*, 4 F.Supp.2d 961, 972 (S.D.Cal.1998). As the Court in *Ricotta* explained, this immunity is broad:

> Judicial immunity applies no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.".... Judicial immunity is not affected "by the motives with which their [Judges] judicial acts are performed.".... Thus, intent does not play a role in the immunity analysis.... "A judge will not be deprived of immunity because the action he [she] took was in error, was done maliciously, or was in excess of his [her] authority; rather he [she] will be subject to liability only when he [she] has acted in the clear absence of all jurisdiction." ... Further, "allegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence.".... The public policy that underlies judicial immunity is the furtherance of independent and disinterested judicial decision making.... To effectuate this policy the Ninth Circuit broadly construes the scope of judicial immunity, which applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy.

*Id*. (citations omitted). While there is an exception to judicial immunity where a judge or other judicial employee acts "in clear absence of all jurisdiction or performs an act that is not judicial in nature," *id*., Plaintiff has alleged no facts that suggest this exception applies here.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed on the basis that there is no federal jurisdiction and even if there were, she has alleged no viable claims. Plaintiff may respond by filing either an amended complaint that

4

1 addresses the deficiencies discussed above or a response that addresses why her current complaint
2 is sufficient.  Plaintiff's response shall be filed by **July 22, 2022**.   If Plaintiff does not file a
3 response by that date, the case will be reassigned to a United States district judge with a
4 recommendation that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Any amended complaint must include the caption and civil case number used in this order (20-cv-3648) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue.

**IT IS SO ORDERED.**

Dated: June 28, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge